TERRELL, Acting Chief Justice.
Petitioner, Sterling Drug Company, Inc., is a manufacturer of drugs and toilet articles including Bayer Aspirin and Phillips Milk of Magnesia. It is a Delaware corporation with its main office in New York City. Respondent, Eckerd’s of Tampa, Inc., is a retailer. It is also a Delaware corporation and operates a retail store at Tampa, Florida, under the name .of Pay-less Drug Store. . •
After the Florida Fair Trade Act, Chapter 25204, Acts of June 1, 1940, F.S.A. § 541.001 et seq., was enacted, petitioner with certain retailers in Florida entered into contracts whereby the retailer agreed not to advertise, offer for sale or sell Bayer Aspirin or Phillips Milk of Magnesia for less than-the minimum prices set out in schedules attached to their contracts. Respondent did not sign a contract biut.it was on notice of them, including the schedules of minimum prices made pursuant- to the Fair Trade Act. Notwithstanding this, it is alleged that respondent wilfully and knowingly advertised, offered for sale and did sell petitioner’s products bearing its trade marks for less than the established prices.
In September 1953, petitioner filed , its amended complaint in which it alleged the foregoing facts and the further fact that respondent was not advertising and selling Bayer Aspirin ■ and Phillips Milk of Magnesia below fair trade prices for the benefit of consumers generally but is using them for “loss leader” purposes and after attracting customers to his place of business, sells other merchandise above the usual and customary prices charged for such articles in Tampa, that such selling below fixed fair trade prices is detrimental .to the public interest or welfare and tends to create a monopoly, increases the cost of the product by cutting off mass production, reducing competition and retail outlets for the products,, besides deceiving'and defrauding the public. The prayer was for injunctive and other relief.
Respondents moved for a stay order on the ground that the issues raised were essentially the same as those raised in Miles Laboratories, Inc. v. Eckerd, Fla., - So.2d —, wherein the chancellor had dismissed the complaint on the ground that the Fair Trade Act was unconstitutional and void. On final hearing the chancellor denied the prayer for interlocutory injunction, granted the motion of defendant for stay order, denied the proffer in evidence by plaintiff of exhibits “A” to “S” inclusive, held the Fair Trade Act unconstitutional apd dismissed the complaint. We are confronted by petition for certiorari on the part of petitioner to review the chancellor’s order.
Two questions, are raised: (1).. Is the non-signer clause of the Florida Fair Trade Act constitutional as to a non.-signer? (2) Should the chancellor have admitted in evidence petitioner’s exhibits “A” to “S” inclusive and considered them in determining the constitutionality of the Fair Trade Act?
The first of these questions was considered and determined contrary to the contention of the petitioner in Miles Laboratories, Inc. v. Eckerd, supra. This determination *158 concludes the second question contrary to the contention of the petitioner.
It follows from the conclusions reached that the petition for certiorari should be denied on authority of Miles Laboratories, Inc. v. Eckerd, supra.
It is so ordered.
THOMAS, SEBRING, HOBSON, MATHEWS and DREW, JJ., concur.;
PATTERSON, Associate Justice, dissents.